LOCAL UNION NO. 370, INTERNATIONAL UNION OF OPERATING ENGINEERS, Local Union No. 1227, Laborers' International Union of North America, and Robert Townsley, on behalf of himself and all other persons similarly situated, Appellants,

v.

Arth E. DETRICK, Leo R. Clawson, Artell Suitter, and Bonneville County, Idaho, Appellees.

No. 76–1710.

United States Court of Appeals, Ninth Circuit.

Feb. 8, 1979.

Robert S. Moore (argued), Boise, Idaho, for appellants.

Dennis M. Olsen (argued), Idaho Falls, Idaho, for appellees.

Before GOODWIN and HUG, Circuit Judges, and PALMIERI,* District Judge.

* The Honorable Edmund L. Palmieri Senior United States District Judge for the Southern District of New York, sitting by designation.

PER CURIAM:

 Unable to compel a county government to bargain collectively under federal Labor Management Relations Acts (29 U.S.C. § 152(2)), two local unions and individual plaintiffs sought to compel the same result by a civil-rights action under 42 U.S.C. § 1983. They appeal a judgment of dismissal for failure to state a claim. We affirm.

Despite counsel's fine-tuning of their pleading to attempt to state a claim for a denial of rights of speech and association, the complaint alleges in substance nothing more than the county's refusal to renew various collective-bargaining agreements, or to enter into new ones. Nothing in the complaint describes a denial of any constitutional right to associate, or to make speeches.

The alleged deprivations all arise out of the failure of association and speech to produce results. The county government's refusal to bargain on matters of wages, hours, and working conditions is a right preserved for state governments and their subdivisions by the express terms of Section 152(2). Except when the state by an act of its own legislature compels counties to bargain with unions, counties have no duty to do so.

The county did not threaten to fire union members, but to fire strikers. Strikes impede government economy and performance of services. The county has no constitutional duty to put up with strikes. The county made its decision against collective bargaining only after extensively listening to the unions' proposals. In sum, the employees' rights to assemble and be heard were fully respected.

That the employees emerged from the negotiating process dissatisfied is not surprising. However, the employee complaints are strictly contractual, not constitutional. Plaintiffs point to no constitutional right to achieve the goals they assembled and petitioned to discuss. *See Hanover Township Federation of Teachers v. Hanover Community School Corp.*, 457 F.2d 456 (7th Cir. 1972).

The state courts are available for litigation of any contractual claim the employees may have.

Affirmed.